## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |  |
|---|---|---|
| CLIFTON SAULS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 2:12-cv-279 |
| | ) | |
| RANDALL MATHENA, Chief Warden, | ) | |
| Red Onion State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND FINAL ORDER

This matter was referred to the undersigned U.S. Magistrate Judge on the parties' consent pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Before the Court is the *pro se* Petitoner's, Clifton Sauls ("Sauls"), Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 10. After reviewing the briefs, the Court **DENIES** Sauls's request for an evidentiary hearing on his Petition, ECF No. 16 at 4, and disposes of the Respondent's Motion on the papers pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the Court **GRANTS** the Respondent's Motion and **DENIES** and **DISMISSES WITH PREJUDICE** Sauls's Petition. Specifically, claims one through six and eight of Sauls's Petition are **DISMISSED** as procedurally defaulted and time-barred and claim seven is **DISMISSED** as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sauls was convicted by a jury on December 22, 2009, of first-degree murder, using or

displaying in a threatening manner a firearm while committing murder, seven counts of attempted robbery, seven counts of using or displaying in a threatening manner a firearm while committing or attempting to commit robbery, burglary while armed, and conspiracy to commit robbery with the use of a firearm. On March 8, 2010, the Chesterfield County Circuit Court sentenced him upon the jury's recommendation to an active prison term of 147 years. Sauls appealed, by counsel, to the Virginia Court of Appeals, alleging: (1) the trial court erred by not excluding any and all DNA evidence in light of the prosecution's failure to provide timely notice pursuant to Virginia Code § 19.2-270.5 ("At least twenty-one days prior to commencement of the proceeding in which the results of a DNA analysis will be offered as evidence, the party intending to offer the evidence shall notify the opposing party, in writing, of the intent to offer the analysis and shall provide or make available copies of the profiles and the report or statement to be introduced."); (2) the trial court erred by publishing transcripts to the jury of alleged recordings without laying the proper foundations of reliability; (3) the trial court erred by allowing the jury to hear recorded phone calls from the jail when the calls were preceded by the acknowledgement that the calls originated from the Richmond City Jail; and (4) the evidence was insufficient to prove he was the criminal agent beyond a reasonable doubt. After the Court of Appeals denied his appeal on September 2, 2010, Sauls appealed, by counsel, to the Virginia Supreme Court on October 1, 2010, raising the preceding claims except the first. The Supreme Court refused his appeal on February 1, 2011.

The Court received the instant Petition, Sauls's first, on May 9, 2012, and Sauls alleges: (1) his trial counsel was ineffective by failing to call to testify an expert witness to challenge certain DNA evidence; (2) the trial court erred in admitting certain DNA evidence in light of the

prosecution's failure to provide timely notice pursuant to Virginia Code § 19.2-270.5; (3) the prosecution made improper statements about the witnesses and their testimony; (4) counsel was ineffective by not presenting a defense; (5) counsel was ineffective by failing to interview witnesses about their knowledge of the rewards and benefits for testifying; (6) counsel was ineffective by not objecting to a breach of the plea agreement; (7) the court erred by allowing the jury to hear recorded phone calls from the jail when the calls were preceded by the acknowledgement that the calls originated from the Richmond City Jail; and (8) counsel was ineffective by failing to present exculpatory forensic evidence. The Virginia Attorney General, on behalf of the Respondent, submitted a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* notice on October 22, 2012. Sauls eventually responded to the Motion on March 1, 2013, after he was directed to do so by Order of the Court.[1] The Respondent has not replied, and the time to do so has lapsed. Therefore, the Motion is ripe for disposition.

## II. JURISDICTION

"Under [28 U.S.C.] § 636(c) [and Federal Rule of Civil Procedure 73], a magistrate judge may conduct any or all proceedings in a civil matter and order the entry of judgment in the case when, one, the parties have consented and two, the district court has specially designated the magistrate judge to exercise such jurisdiction." *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). Upon the parties' consent and designation from the U.S. District Judge assigned to this matter, the undersigned so proceeds.

---

[1] Although Sauls submitted his brief in opposition to the Respondent's Motion to Dismiss well outside the twenty-one days provided for in the Respondent's *Roseboro* notice, the Court nonetheless has read the brief and considered the arguments therein in disposing of the Motion.

## III. ANALYSIS

### A. Exhaustion and Procedural Default

Section 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911). In Virginia, that court is the Virginia Supreme Court. "The burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal *habeas* review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is 'regularly or consistently applied by the state court' and is independent if it does not rely on a rule of federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (quoting *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Ake v.*

4

*Oklahoma*, 470 U.S. 68, 75 (1985))). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may ... not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

The Respondent maintains that Sauls did not exhaust his available state remedies as to claims one through six and eight because they were not presented to the Virginia Supreme Court. ECF No. 11 at 4, ¶ 7. However, "the exhaustion requirement for claims not fairly presented to the state's highest court ... is met when a state procedural rule would bar consideration if the claim was later presented to the state court." *Matthews*, 105 F.3d at 911. Virginia Code § 8.01-654(A)(2) provides that "[a] habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." This provision offers an independent and adequate state law ground that bars federal *habeas* review. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (2006). As the preceding seven claims concern convictions and sentences from 2010 and given that the final disposition of the direct appeal in state court occurred on February 1, 2011, these claims, if presented now to the Virginia Supreme Court, would be time-barred under Virginia Code § 8.01-654(A)(2). Therefore, they are procedurally defaulted.

As to claim number seven, Sauls raised it on direct appeal. The Virginia Court of Appeals found the claim lacked merit. Because the Court of Appeals reviewed the merits and denied the claim, the Virginia Supreme Court's refusal of Sauls's direct appeal satisfies the exhaustion requirement for this claim. *See Sanders v. Reynolds*, 204 S.E.2d 421, 424 (Va. 1974)

(refusal of petition satisfies exhaustion for *habeas* purposes).

Sauls may overcome procedural default as to claims one through six and eight by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at \*3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)).  However, nowhere in his pleadings does Sauls specifically maintain he is actually innocent.  Rather, the Court must infer from and liberally construe the following statements that Sauls is claiming actual innocence: (1) an independent DNA analysis of the murder weapon allegedly eliminated him, whereas the state's analysis allegedly neither eliminated nor confirmed him, *see* ECF No. 1 at 12, 14, 18; (2) shoeprints at the crime scene allegedly revealed that the suspect wears a size eleven shoe, whereas Sauls allegedly wears a size twelve shoe, *see id.* at 18; and (3) a cooperating co-defendant allegedly stated that the murder weapon belonged to someone else, *see id.*  Even in light of these statements, Sauls must still show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Royal v. Taylor*, 188 F.3d 239, 243-44 (4th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 598, 321 (1995)).  The Court notes at the outset that these statements may be construed as attacking the sufficiency of the evidence, which is not to be confused with and which does not address actual innocence.  Additionally, the Court finds that the evidence to which Sauls refers is not "new" because such evidence forms the basis of his ineffective assistance of counsel claim, which concerns allegedly exculpatory evidence that "trial counsel failed to develop and present to the jury." ECF No. 1 at 18.  By logic, this evidence existed and could have been presented at trial.  Therefore, Sauls fails to make a credible showing of actual innocence.

As to "cause," it is Sauls's burden to demonstrate that "'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Such factors may include "interference by officials," "a showing that the factual or legal basis for a claim was not reasonably available,"—both of which are not alleged here—and attorney error rising to the level of ineffective assistance of counsel. *Id.* at 493-94. Here, Sauls claims he was unable to timely file a state *habeas* petition because his appellate counsel "was extremely late in informing [him] that [his] direct appeals had been denied," despite Sauls's alleged numerous letters to his counsel "requesting a[n] update." ECF No. 1 at 5. It was after Sauls allegedly contacted the Virginia State Bar about his concerns that his counsel finally "respond[ed] with the information that [he had] requested." *Id.* However, these claims, by themselves, do not excuse Sauls's delay in seeking state *habeas* relief.

Sauls's five-page brief in opposition is bereft of documentary evidence or affidavits to substantiate his counsel's alleged dereliction. Even if such evidence exists but is not in Sauls's possession, the fact remains that he never moved for discovery. Furthermore, if the Court accepts the preceding allegations as true, Sauls does not state with particularity how many letters he sent to his counsel regarding his direct appeal, when those letters were mailed, when he contacted and received a response from the Virginia State Bar, and when his counsel informed him of the status of his direct appeal. As it is the petitioner's burden in this regard to present such evidence, the Court finds that Sauls's threadbare statements, alone, are insufficient to meet his burden. Additionally, counsel's alleged failure to keep Sauls informed of the status of his appeal did not prevent him from checking the status of his appeal himself and, thereby, seek state

7

*habeas* review in a timely manner. *Cf. Campbell v. Roberts*, 143 F. App'x 110, 112, 2005 WL 1821212, at *1-2 (10th Cir. Aug. 3, 2005) (rejecting petitioner's call for equitable tolling where "appellate counsel's alleged failure to keep [petitioner] informed of the status of his direct appeal did not prevent him from either checking the status of his appeal himself or from seeking federal review in a timely manner"); *Artis v. Clarke*, No. 3:11CV721, 2012 WL 1427873, at *5 (E.D. Va. Apr. 24, 2012) ("When the public record contains the status of an appeal, a petitioner's mere attempts to contact his . . . attorney about the status of that appeal fails to constitute due diligence. After receiving no response from his attorney for months, due diligence required that [the petitioner] contact the Court of Appeals to inquire about the status of his direct appeal.") (citations omitted).

Moreover, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). In order to constitute cause for a second constitutional claim, an ineffective assistance of counsel claim must be exhausted or else it, too, is procedurally defaulted. *Id.* at 453. As Sauls has not presented an ineffective assistance of counsel claim to the Virginia Supreme Court, his assertion that ineffective assistance of counsel constitutes cause to excuse his procedural default must be rejected. Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding). Therefore, the Court finds that claims one through six and eight of the instant Petition are procedurally defaulted in light of Sauls's failure to demonstrate actual

8

innocence or cause and prejudice.[2]

## B. Statute of Limitations

Section 2254 petitions are subject to a one-year limitation period that begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3]  28 U.S.C. § 2244(d)(1)(A).  The judgment against Sauls became final on May 2, 2011, when the ninety days to petition the U.S. Supreme Court for a writ of *certiorari* expired. *See* SUP. CT. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). The limitation period began to run on this date for one year until May 2, 2012, when Sauls should have filed his Petition in this Court.[4]  Because Sauls did not so until May 4, 2012, when he placed his Petition in the prison mailing system, ECF No. 1 at 23 ("I declare (or certify, verify, or state) under penalty of perjury that . . . this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 5-4-2012"), his Petition is statutorily time-barred though

---

[2] In addition, as the Respondent points out, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) affords Sauls no relief. The *Martinez* analysis, which provides that procedural default can be overcome in some circumstances involving "substantial" ineffective assistance of counsel claims in state collateral review proceedings, is inapplicable where, as here, the criminal defendant did not initiate any state collateral proceeding whatsoever. *Jones v. Pennsylvania Bd. of Probation and Parole*, 492 F. App'x 242, 246-47 (3d Cir. 2012).

[3] As 28 U.S.C. § 2244(d)(1)(B)-(D) is not discussed in the pleadings, it will not be addressed here. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("This court, however, will not . . . construct a legal theory on [a party's] behalf."). Notwithstanding, to the extent Sauls may rely on 28 U.S.C. § 2244(d)(1)(D), which provides for belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," this argument fails as his claims touch and concern issues surrounding the trial. *See Artis*, 2012 WL 1427873, at *4 n.7 ("Belated commencement pursuant to [28 U.S.C. § 2244(d)(1)(D)] cannot apply to [the petitioner's] first claim relating to denial of counsel at a critical stage of his capital murder trial. [The petitioner] knew or should have known the factual predicate of that claim at the time of his [trial] proceedings.").

[4] Because Sauls never filed a *habeas* petition in a Virginia state court, the limitation period never tolled. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

it was filed only two days after the limitation period ran. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding a prisoner's document is deemed filed when it is deposited in the prison mailing system). Equitable tolling may apply, however.

Per the Fourth Circuit, the application of equitable tolling must "be guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The U.S. Supreme Court "ha[s] previously made clear that 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). It is the petitioner's "strong burden to show specific facts" that satisfy each element. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)) (other citation omitted).

The arguments employed to demonstrate cause for procedural default are the same ones Sauls uses to support the application of equitable tolling. *See* ECF No. 16 at 3 ("Surely the respondent can concede that, at the least, 2 days of equitable tolling can be found in my appellate counsel's actions."). As the Court has discussed these arguments *supra*, there is no need to repeat that analysis here. It is sufficient to say that equitable tolling does not apply where the petitioner merely states, without proof, that he attempted to contact his counsel an unspecified number of times on unspecified dates regarding the status of his appeal, and where the petitioner does not indicate when he first learned of the disposition of his appeal and whether he attempted

to contact the state court directly for this information. Additionally, although the U.S. Supreme Court has recently recognized actual innocence as a basis for tolling the statute of limitations, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Court has rejected Sauls's claim of actual innocence in the context of procedural default and, therefore, reaffirms without repeating that analysis here.

Sauls also failed to demonstrate that he pursued his rights diligently. After attempting to contact his appellate counsel an unknown number of times and receiving no response after an unknown period of time, Sauls only contacted the Virginia State Bar concerning his counsel's lack of communication. In addition to contacting his counsel and the state bar for the status of his appeal, due diligence required Sauls to seek this information, a matter of public record, directly from the Virginia Supreme Court, particularly after a certain period of time had lapsed without receiving a response from his counsel. *See Blake v. Johnson*, No. 7:10-cv-00572, 2011 WL 2117954, at *2 (W.D. Va. May 27, 2011) (finding in the context of equitable tolling that the "petitioner did not exercise due diligence . . . because he did not timely contact the Court of Appeals of Virginia"). *Cf. Artis*, 2012 WL 1427873, at *5 (finding in the context of 28 U.S.C. § 2244(d)(1)(D) that "[w]hen the public record contains the status of an appeal, a petitioner's mere attempts to contact his . . . attorney about the status of that appeal fails to constitute due diligence. After receiving no response from his attorney for months, due diligence required that [the petitioner] contact the Court of Appeals to inquire about the status of his direct appeal.") (citations omitted). This he did not do.

As to whether some extraordinary circumstance stood in Sauls's way and prevented timely filing, such a claim also fails. "[T]o rise to the level necessary to constitute an

'extraordinary circumstance,' . . . attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012); *see also Maples v. Thomas*, 565 U.S. ___, ___ & n.7, 132 S. Ct. 912, 922-27 & n.7 (2012) (holding that the distinction between attorney negligence and abandonment applies to equitable tolling). In *Boateng v. Clarke*, No. 1:11cv668(AJT/JFA), 2012 WL 1161505 (E.D. Va. Apr. 5, 2012), for example, the Court directed the respondent to further brief whether the petitioner was entitled to equitable tolling based on the following claim of attorney abandonment: petitioner requested of his counsel copies of all papers filed in his appeal, but he received no response; in the months that followed the petitioner wrote "several" letters to counsel inquiring about the status of the appeal, but counsel did not respond; he also attempted to contact counsel by telephone, but counsel's office refused to accept the collect calls; the petitioner sent his sister to counsel's office to inquire about the appeal, but counsel requested a consultation fee that the sister could not afford, so he refused to speak to her; the petitioner approached another prisoner, who wrote to counsel on the petitioner's behalf about his appeal and copies of his trial transcripts, but no response was forthcoming; after learning that his appeal had been dismissed due to counsel's failure to file a petition for appeal, the petitioner approached a second prisoner in drafting a letter to counsel, seeking his court file, but as before, this letter went unanswered; he filed a complaint against counsel with the state bar, and after the bar directed counsel to submit written objections within a certain period of time, counsel failed to do so. *Id.* at *3-4. Appellate counsel's mere delay in responding to Sauls's inquiries as to the status of his appeal, absent more, is nothing but "a garden variety claim of excusable neglect" that does not rise to the level of abandonment—not even to the conduct of the petitioner's counsel in *Boateng* that would

12

justify further briefing on the issue—and, therefore, does not warrant equitable tolling.  *See Holland*, 560 U.S. at ___, 130 S. Ct. at 2564; *see also Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney . . . negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction"); *Francis v. S.C. DPP*, No. 4:12-cv-318-PMD-TER, 2013 WL 566994, at *4 (D. S.C. Feb. 13, 2013) ("Petitioner has not identified 'extraordinary circumstances' that justify equitable tolling.  Petitioner asserts that his attorney neglected to tell him about the . . . dismissal of his [post-conviction review] appeal. However, there is no evidence in the record that counsel's failure to inform Petitioner about the dismissal was anything more than a mistake, oversight, or 'garden variety' negligence, which is insufficient to establish extraordinary circumstances.").

After finding the instant Petition to be statutorily time-barred, the Court further finds that Sauls is not entitled to equitable tolling.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** the Respondent's Motion to Dismiss, ECF No. 10, and **DENIES** and **DISMISSES WITH PREJUDICE** Sauls's Petition, ECF No. 1. Specifically, claims one through six and eight of Sauls's Petition are **DISMISSED** as procedurally defaulted and time-barred and claim seven is **DISMISSED** as time-barred.

## V. REVIEW PROCEDURE

Sauls is notified that he may appeal from the judgment entered pursuant to this Opinion and Final Order by filing a *written* notice of appeal with the Clerk of the Court at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date judgment is entered. Because Sauls has failed to demonstrate a substantial

showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b)(1), the Court declines to issue a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

The Clerk is **DIRECTED** to amend the Respondent's name in the caption of the case to read, "Randall Mathena, Chief Warden, Red Onion State Prison," and is further **DIRECTED** to forward a copy of this Opinion and Final Order to the Petitioner and counsel of record for the Respondent.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 25, 2013

14

## CLERK'S MAILING CERTIFICATE

A copy of this Opinion and Final Order was mailed on this date to the following:

Mr. Clifton Sauls, #1201616
Red Onion State Prison
Post Office Box 1900
Pound, Virginia 24279
*Pro Se* Petitioner

Mr. Eugene Paul Murphy, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
September 26, 2013

15